THE CLARKE-GRAVELY CORPORATION v DEPARTMENT OF
TREASURY

Docket No. 63743. Argued December 9, 1980 (Calendar No. 4).—Decided February 1, 1982.

The Clarke-Gravely Corporation and other subsidiaries of Studebaker-Worthington, Inc., filed individual state income tax returns for 1971, 1972 and 1973. They later learned that individual filing had resulted in a substantially greater tax liability than had they filed a combined return, and on September 12, 1975, they submitted amended combined returns for those years to the Department of Treasury. The tax commissioner accepted the amended returns for 1972 and 1973, and decided that a refund of $251,654.28 was owed to the taxpayers but that no interest would be allowed. The 1971 amended return was not accepted on the ground that it was beyond the three-year statute of limitations of the Income Tax Act of 1967. The taxpayers brought an action against the Department of Treasury and the State Treasurer, claiming interest on the refunds and claiming a refund for 1971 on the ground that the statute of limitations was tolled while the 1971 federal income tax return of Studebaker-Worthington, Inc., was audited and in litigation. The Ingham Circuit Court, Thomas L. Brown, J., granted summary judgment for the defendants on the issue of the refund for 1971 and summary judgment for the plaintiffs on the claim of interest for the 1972 and 1973 refunds, but computed the interest from the date of filing the amended returns. The Court of Appeals, V. J. Brennan, P.J., and Allen and P. F. O'Connell, JJ., affirmed (Docket No. 77-4477). The plaintiffs appeal.

In an opinion by Justice Ryan, joined by Chief Justice Coleman and Justices Kavanagh, Levin, and Moody, the Supreme Court *held:*

The tax commissioner has broad discretionary power to

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4, 8] 71 Am Jur 2d, State and Local Taxation §§ 593, 610, 611.
    When right to refund of state or local taxes accrues, within statute
    limiting time for applying for refund. 46 ALR2d 1350.
[2-4, 7] 72 Am Jur 2d, State and Local Taxation § 1141.
[5-7] 71 Am Jur 2d, State and Local Taxation § 593.

require or permit combined reporting; consequently, the interest on the refunds for 1972 and 1973 runs only from the time that the amended returns were accepted, because until then the plaintiffs were not entitled to a refund. Combined reporting is not, however, outside the scope of the limitations and tolling provisions of the Income Tax Act of 1967. The submission of an amended combined report more than three years after filing the initial separate returns cannot, in this instance, be logically construed as anything other than a claim for a refund. It is apparent that the tax commissioner felt bound by the three-year limitations period for claiming refunds. However, the audit and litigation of the 1971 federal tax return of the plaintiffs' parent corporation tolled the statute of limitations by operation of the tolling provision of the state Income Tax Act, with the result that the plaintiffs' claim of a refund for 1971 was made within the statutorily required period. It is not necessary that the claimed state refund "flow" from the federal action which suspends the running of the limitations under the Michigan Income Tax Act.

The matter is remanded to the tax commissioner to determine whether, in the exercise of his discretion, there is any rational basis to refuse to accept the plaintiff taxpayers' 1971 amended combined return, and if there is none, to pay the refund with interest from the date of the original refusal to accept that return.

Justice Fitzgerald, joined by Justice Williams, dissented. He would hold that the plaintiffs are not entitled to a refund for 1971.

The tax commissioner has discretion, under the Michigan Income Tax Act, to permit the election of combined reporting by two or more taxpayers. Inherent in the discretionary language of the statute is the authority to make combined reporting a prospective election only, or to give it limited retroactive effect. The fact that the plaintiffs were permitted retroactively to utilize combined reporting for certain years does not nullify the discretionary power of the tax commissioner for the year at issue. Nor is it controlling that the tax commissioner had used a three-year statute of limitations as a guideline in assessing belated requests to file combined reports. Combined reporting is a unique matter outside the scope of the statute of limitations and the tolling provisions.

The conclusion that the tax commissioner was empowered by the Income Tax Act to reject the plaintiffs' belated 1971 combined report makes it unnecessary to address the other provi-

sions of the statute cited by the plaintiffs on the issue of the refund. It also renders moot the discussion of interest for that year.

It was within the authority of the tax commissioner to accept the amended returns for 1972 and 1973 and to grant refunds for those years. Until that determination was made, the plaintiffs were not entitled to any refunds and, *a fortiori,* were not entitled to any interest.

89 Mich App 732; 282 NW2d 202 (1979) reversed.

### OPINION OF THE COURT

1. TAXATION — INCOME TAX ACT — REFUNDS — INTEREST.

   The tax commissioner had broad discretionary power under the Income Tax Act of 1967 to require or permit combined income tax reporting of subsidiary corporations, so that a right to a refund on a combined return did not arise until the combined return was accepted by the commissioner in place of individual returns previously filed, and interest on the refund did not start to run until the acceptance (MCL 206.335; MSA 7.557[1335]).

2. TAXATION — INCOME TAX ACT — LIMITATION OF ACTIONS.

   The Income Tax Act of 1967 unambiguously indicates a legislative decision to limit the time for the state to claim a deficiency and for the taxpayer to claim a refund (MCL 206.1 *et seq.;* MSA 7.557[101] *et seq.).*

3. TAXATION — INCOME TAX ACT — COMBINED REPORTING — LIMITATION OF ACTIONS — REFUNDS.

   Submission by plaintiff corporate taxpayers of an amended combined report to the tax commissioner more than three years after they filed separate returns must be construed as a claim for a refund for purposes of the statute of limitations of the Income Tax Act of 1967 (MCL 206.335, 206.441[2]; MSA 7.557[1335], 7.557[1441][2]).

4. TAXATION — INCOME TAX ACT — LIMITATION OF ACTIONS — TOLLING PROVISIONS — REFUNDS.

   A claim in 1975 by plaintiff corporate taxpayers of a refund for 1971 was timely where an audit and litigation of the 1971 federal tax return of the plaintiffs' parent corporation had tolled the three-year statute of limitations under the Michigan Income Tax Act of 1967; it is not necessary that the claimed state refund must "flow" from the federal action for the tolling provision to operate (MCL 206.325, 206.411[2], 206.441[2]; MSA 7.557[1325], 7.557[1411][2], 7.557[1441][2]).

DISSENTING OPINION BY FITZGERALD, J.

5. TAXATION — INCOME TAX ACT — CORPORATIONS — COMBINED REPORTING.

*The tax commissioner had the discretion, under the Michigan Income Tax Act of 1967, to permit the election of combined reporting by two or more corporate taxpayers; inherent in the discretionary language of the statute is the authority to make combined reporting a prospective election only, or to give it limited retroactive effect (MCL 206.335; MSA 7.557[1335]).*

6. TAXATION — INCOME TAX ACT — CORPORATIONS — COMBINED REPORTING.

*That plaintiff corporate taxpayers were permitted to retroactively utilize combined reporting for certain years does not nullify the discretionary power of the tax commissioner, under the Income Tax Act of 1967, to reject the plaintiffs' belated combined report for an earlier year (MCL 206.335; MSA 7.557[1335]).*

7. TAXATION — INCOME TAX ACT — COMBINED REPORTING — DISCRETION.

*It is not controlling that the tax commissioner used a three-year statute of limitations as a guideline in assessing belated requests to file combined reports under the Michigan Income Tax Act of 1967; combined reporting is a unique discretionary matter outside the scope of the statute of limitations for refunds and the tolling provisions (MCL 206.335, 206.411[2], 206.441[2]; MSA 7.557[1335], 7.557[1411][2], 7.557[1441][2]).*

8. TAXATION — INCOME TAX ACT — COMBINED REPORTING — REFUNDS — INTEREST.

*It was within the discretionary authority of the tax commissioner, under the Michigan Income Tax Act of 1967, to accept amended combined reports from plaintiff subsidiary corporations, who had originally filed separate reports, and to grant refunds for those years, but until that determination was made, the plaintiffs were not entitled to any refunds and, a fortiori, were not entitled to any interest (MCL 206.335; MSA 7.557[1335]).*

*Miller, Canfield, Paddock & Stone* (by *Samuel J. McKim, III,* and *Kenneth E. Konop)* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R.*

*Roesch,* Assistant Attorney General, for defendants.

RYAN, J. The facts of this case are accurately stated in Justice FITZGERALD's opinion. We agree with his view that the tax commissioner has broad discretionary power to require or permit combined reporting. Consequently, we agree that plaintiffs' right to interest on the refunds generated by the 1972 and 1973 amended returns extends only from the time the tax commissioner accepted those amended returns.

However, we do not agree that "[c]ombined reporting is a unique matter outside the scope of the statute of limitations and the tolling provisions". MCL 206.411; MSA 7.557(1411) and MCL 206.441; MSA 7.557(1441) unambiguously indicate a legislative decision to place time limits on the state's right to claim a tax deficiency and on the taxpayer's right to claim a refund. The submission of a combined report more than three years after filing the initial returns cannot, in this instance, be logically construed as anything other than a claim for a refund.

We cannot agree that the tax commissioner's announcement that "the year 1971 is already beyond the three-year statute of limitations" justifies his refusal to accept the 1971 amended return.

It is apparent from his statement above quoted that the commissioner felt bound by the three-year limitations period of § 441 for claiming refunds. The federal audit and litigation with respect to the 1971 consolidated return of plaintiffs' parent corporation triggered the tolling provisions of MCL 206.411(2); MSA 7.557(1411)(2), with the result that the plaintiffs' refund claim for 1971 was made within the statutorily prescribed period. Subsec-

tion 2 refers to MCL 206.325; MSA 7.557(1325), which imposes a notice requirement on a taxpayer whenever federal intervention causes a change in state tax liability. Section 325 is clearly applicable to both refund and deficiency claims, thus implicating the three-year tolling provision of § 411(2) for both deficiency and refund claims. Furthermore, we do not agree with the apparent view of the Court of Appeals in *Clarke-Gravely Corp v Dep't of Treasury,* 89 Mich App 732; 282 NW2d 202 (1979), that the claimed state refund must "flow" from the federal intervention. Nowhere in the portion of § 411(2) which describes the first tolling event is there language to support such a conclusion. To so read § 411(2) would render the third announced tolling event of that subsection— whenever notice is required under § 325—redundant.

In concluding that he was bound by the three-year limitations period on refund claims, the tax commissioner was in error. Section 411(2) tolled the running of the period in this case.

Accordingly, we remand to the tax commissioner for a determination whether, in the exercise of his discretion, there exists any rational basis to refuse to accept the taxpayers' 1971 amended return, in light of the applicability of the tolling provision of § 411(2). If none exists, the refund shall be paid with interest from the date of the commissioner's original refusal to accept the 1971 amended return.

COLEMAN, C.J., and KAVANAGH, LEVIN, and BLAIR MOODY, JR., JJ., concurred with RYAN, J.

FITZGERALD, J. Although this case involves rather sophisticated tax concepts, the underlying factual considerations are relatively simple.

The dispute involves the tax years 1971, 1972 and 1973. Plaintiffs, subsidiaries of Studebaker-Worthington, Inc., conducted business in Michigan during that period and thus were subject to the Income Tax Act of 1967, as amended.[1] For federal income tax purposes, Studebaker-Worthington regularly filed a consolidated return for approximately 40 subsidiaries, including plaintiffs.

A brief account of the years preceding 1971 will aid an understanding of the controversy. In 1968, when the Michigan income tax took effect, plaintiffs began filing state returns on an individual basis. Certain of the plaintiffs were notified in 1970 that a tax deficiency existed for the years 1968 and 1969. An agreement subsequently was worked out with the Michigan Department of Treasury whereby plaintiffs filed amended returns for 1968, 1969 and 1970 on a combined basis, pursuant to § 335 of the Income Tax Act.[2] This action eliminated the deficiency and, in fact, resulted in a slight refund.

According to plaintiffs, Studebaker-Worthington learned sometime in 1975 that its Michigan subsidiaries also had filed individual returns for 1971, 1972 and 1973, resulting in a substantially greater tax liability than had they filed on a combined basis. Plaintiffs, therefore, submitted amended (combined) reports on September 12, 1975.

On September 30, 1975, defendant Treasury Department notified plaintiffs that the amended returns for 1972 and 1973 had been accepted, and

[1] 1967 PA 281, MCL 206.1 et seq.; MSA 7.557(101) et seq., included an income tax on corporations effective January 1, 1968. The corporate income tax was repealed by 1975 PA 233, and replaced by the single business tax, 1975 PA 228, MCL 208.1 et seq.; MSA 7.558(1) et seq.

[2] MCL 206.335; MSA 7.557(1335). This section was repealed by 1975 PA 233. Combined reporting now falls under the Single Business Tax Act, specifically MCL 208.77; MSA 7.558(77).

that a total refund of $251,654.28 was being processed.[3] No interest was to be allowed, however. The department further informed plaintiffs that the 1971 amended return had not been accepted because "the year 1971 is already beyond the three-year statute of limitations".[4]

Following a formal demand for acceptance of the amended 1971 return and interest on refunds for all three years, plaintiffs brought suit in Ingham Circuit Court. Plaintiffs contend that they are entitled to a refund for 1971 because the three-year statute of limitations was tolled by a pending audit and litigation involving Studebaker-Worthington's 1971 federal consolidated return.[5] Plaintiffs further assert that they are entitled to interest based on Michigan case law and § 441 of the Income Tax Act.[6]

The case was decided on cross-motions for summary judgment. The circuit court agreed with defendant Treasury Department that no refund for 1971 should be allowed, apparently reasoning that the tolling provisions applied only to deficiencies,

[3] The $251,654.28 refund was paid October 8, 1975.

[4] Plaintiffs had filed their individual income tax returns for 1971 on April 17, 1972. The amended report, in which plaintiffs claimed a refund of $74,449, was submitted on September 12, 1975, some three years and five months later.

[5] Plaintiffs rely on the tolling provisions of MCL 206.411(2); MSA 7.557(1411)(2). That section provides:

"The running of the statute of limitations shall be suspended for the period pending final determination of litigation of or hearing on a taxpayer's federal income tax return or of the return required by this act, or in the event any notice is required under the provisions of [MCL 206.325; MSA 7.557(1325)], and for 1 year thereafter."

[6] "Any taxpayer who has paid a tax which he claims was not due under this act may, on or before the expiration date of 3 years from the date set for the filing of the annual or final return for such year or the date the tax was paid, whichever is later, and not after, petition the department in writing to refund the amount so paid. If the annual return reflects an overpayment or credits in excess of the tax, the declaration thereof on the return constitutes a claim for refund." MCL 206.441(2); MSA 7.557(1441)(2).

not refunds. The court rejected defendants' contention that no interest was due on the 1972 and 1973 returns. However, the court held that interest was to be computed from the date plaintiffs submitted their amended reports, not the date the initial returns were filed. Plaintiffs appealed both rulings.

The Court of Appeals affirmed, but disagreed with the circuit court's rationale on the refund issue.[7] A motion for rehearing was denied.

This Court granted plaintiffs' application for leave to appeal, directing the parties to include among the issues to be briefed:

"[D]oes § 411(2) of the Michigan Income Tax Act, MCL 206.411(2); MSA 7.557(1411)(2), which provides for the tolling of the three-year period of limitations for refunds as set forth in § 441(2) of said act, MCL 206.441(2); MSA 7.557(1441)(2), apply when the corporate claimant of the refund, who originally filed an individual income tax return, more than three years later filed a combined return as provided in § 335, MCL 206.335; MSA 7.557(1335), of said act?"

## The 1971 Refund

We affirm the lower courts' conclusion that plaintiffs are not entitled to a refund for 1971. However, because we do not agree with the reasoning, it is necessary to discuss briefly the foundation upon which our decision rests.

The pivotal section is 335 of the Michigan Income Tax Act.[8] That section provides in pertinent part:

"In the discretion of the commissioner, any taxpayer

---

[7] *Clarke-Gravely Corp v Dep't of Treasury,* 89 Mich App 732; 282 NW2d 202 (1979).

[8] See fn 2.

which owns or controls either directly or indirectly substantially all the capital stock of 1 or more other corporations, or substantially all the capital stock of which is owned or controlled either directly or indirectly by 1 or more other corporations, or by interests which own or control either directly or indirectly substantially all the capital stock of 1 or more corporations may be required or permitted to make a report on a combined basis covering any such other corporations and setting forth such information as the commissioner may require. In addition, a combined report may be made at the election of any 2 or more taxpayers provided the ownership or control requirements contained in the preceding sentence are satisfied and such report sets forth such information as the commissioner may require."

The discretionary power of the tax commissioner is at the heart of § 335. That discretion is explicit in the first sentence, which authorizes the commissioner to *require* or *permit* combined reporting, to decide whether certain "control" criteria have been met, and to request additional information before making a determination.

The commissioner's discretion remains implicitly intact in the second sentence, which refers back to the first sentence in setting out conditions under which two or more taxpayers may elect to submit a combined report.

Inherent in the discretionary language of § 335 is the commissioner's authority to make combined reporting a prospective election only, or to give it limited retroactive effect. The fact that plaintiffs were permitted for some years to retroactively utilize the combined reporting technique does not nullify the commissioner's discretionary power for the year at issue. Nor is it controlling that the commissioner had used a three-year statute of limitations as a guideline in assessing belated

requests to file combined reports. Combined reporting is a unique matter outside the scope of the statute of limitations and the tolling provisions.[9]

Our conclusion that the tax commissioner was empowered under § 335 to reject plaintiffs' belated 1971 combined report makes it unnecessary to address the other sections of the Income Tax Act cited by plaintiffs as to the refund issue.

## INTEREST ON REFUNDS

Our decision that plaintiffs are not entitled to a refund for 1971 renders moot the discussion of interest for that year. However, the issue of interest for 1972 and 1973 remains to be resolved.

The trial court allowed interest from the date the amended returns were filed, on September 12, 1975. The Court of Appeals affirmed. We agree.

Once again, the pivotal section is 335 of the Income Tax Act.[10] The wide discretionary power of the tax commissioner under § 335 was discussed above in reference to the refund issue. It was within the commissioner's authority to accept the amended returns for 1972 and 1973 and to grant refunds for those years. Until that discretionary determination was made, plaintiffs were not entitled to any refunds and, *a fortiori,* were not enti-

---

[9] The briefs of both parties were devoted in considerable part to distinguishing between the federal consolidated return and the state combined report. We agree with defendants that that distinction is not determinative of this case. However, because the Michigan Income Tax Act is modeled after the federal Internal Revenue Code, it is instructive to note that the regular statutes of limitations are not applicable to the federal election to consolidate or to discontinue filing on a consolidated basis. The initial election to consolidate must be made before the return is due. The decision to discontinue consolidated reporting must be made at least 90 days before the return is due, and is contingent upon a finding by the revenue commissioner of "good cause". Treas Reg § 1.1502-75.

[10] See fn 2.

tled to any interest. It would be inherently contradictory to hold that permission to file a belated combined report is within the tax commissioner's discretion, but that once permission is granted, interest automatically is awarded from the date the initial individual returns were submitted. The discretionary power at the center of § 335 is not so narrow.

No costs, a public question being involved.

WILLIAMS, J., concurred with FITZGERALD, J.