WOLVERINE WORLD WIDE, INC v DEPARTMENT OF
TREASURY

Docket No. 58424. Submitted May 4, 1982, at Grand Rapids.—Decided
March 1, 1983. Leave to appeal applied for.

Wolverine World Wide, Inc., is a Delaware corporation with
principal offices in Michigan. Subsequent to an audit by the
Department of Treasury, Wolverine World Wide filed amended
Michigan income tax returns for the years 1972-1975, utilizing
the unitary combined report method. Thereafter, the depart-
ment issued an "Intent to Assess" Wolverine World Wide for
failure to include the income of five wholly owned subsidiaries,
including Wolverine International, Inc., and Aguadilla Shoe
Corporation, in its amended return. Wolverine World Wide
filed a petition with the State Board of Tax Appeals contesting
inclusion of the subsidiaries' income in the combined reports.
The board determined that the incomes of Wolverine Interna-
tional and Aguadilla were not properly includable in a com-
bined report for purposes of determining Wolverine World
Wide's Michigan income tax liability. The Department of Trea-
sury appealed. *Held:*

1. Wolverine World Wide was not required to include income
of Aguadilla in the combined report for the years in question.
Aguadilla, a "possessions corporation", had no gross income tax
for those years and therefore no net income for purposes of
Michigan income tax liability. However, the Tax Commissioner
may have had the authority to require inclusion of Aguadilla's
income in the combined report based on his "broad discretion-
ary power".

2. The board erred in concluding that Wolverine World Wide
could not be required to include the income of Wolverine
International in the combined report for the years in question.
Wolverine International was a domestic international sales
corporation (DISC) for those years. A DISC does have gross
income and therefore net income and although it is not subject

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 71 Am Jur 2d, State and Local Taxation §§ 577, 593.

to federal income tax it would be subject to Michigan income tax.

Reversed and remanded.

1. TAXATION — INCOME TAX ACT — CORPORATIONS.

A corporation may not be required to include the income of a wholly owned subsidiary "possessions corporation" in the unitary combined report for purposes of determining Michigan income tax liability where the subsidiary corporation has no gross income for purposes of federal income tax liability and therefore no net income for purposes of Michigan income tax liability (MCL 206.28, 206.335; MSA 7.557[128], 7.557[1335]).

2. TAXATION — INCOME TAX ACT — CORPORATIONS.

A corporation is required to include the income of a wholly owned subsidiary domestic international sales corporation (DISC) in the unitary combined report for purposes of determining Michigan income tax liability; although a DISC is not "subject to" federal income tax it does have gross income and therefore net income for purposes of Michigan income tax liability (MCL 206.201, 206.335; MSA 7.557[1201], 7.557[1335]).

3. TAXATION — INCOME TAX ACT — REFUNDS — INTEREST.

The Tax Commissioner had broad discretionary power under the Income Tax Act of 1967 to require or permit combined income tax reporting of subsidiary corporations (MCL 206.335; MSA 7.557[1335]).

*Warner, Norcross & Judd* (by *Jeffrey O. Birkhold),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Terry P. Gomoll,* Assistants Attorney General, for defendant.

Amicus Curiae:

*William D. Dexter,* for Multistate Tax Commission.

Before: D. F. WALSH, P.J., and WAHLS and G. R. McDONALD,* JJ.

PER CURIAM. Defendant Department of Treasury appeals as of right from an order by the State Board of Tax Appeals determining that the incomes of plaintiff's wholly owned subsidiaries, Aguadilla Shoe Corporation and Wolverine International, Inc., were not includable in a combined report for purposes of determining plaintiff's Michigan income tax liability.

Wolverine World Wide, Inc., is a Delaware corporation with principal offices in Michigan. Pursuant to an audit conducted by the Department of Treasury, Wolverine World Wide, on May 22, 1977, filed amended income tax returns for the years 1972-1975. These amended returns utilized the unitary combined report method provided for in the Michigan Income Tax Act of 1967, MCL 206.335; MSA 7.557(1335), prior to the repeal of that section of the act by 1975 PA 233.

On July 19, 1977, the department issued an intent to assess plaintiff for failure to include five wholly owned subsidiaries, including Wolverine International, Inc., and Aguadilla Shoe Corporation, in its amended return. The assessment was finalized on August 4, 1978, and on August 17, plaintiff filed its petition with the State Board of Tax Appeals, contesting inclusion in the combined reports of the total net incomes of Wolverine International and Aguadilla.

During the years in question, 1972-1975, Wolverine International was a domestic international sales corporation (DISC) within the meaning of § 992(a) of the Internal Revenue Code (IRC), 26 USC 992(a). As such it is not "subject to" income

* Circuit judge, sitting on the Court of Appeals by assignment.

taxes imposed by Subtitle A of the IRC, except the tax imposed by Chapter 5 thereof on certain transfers to avoid tax. 26 USC 991. However, one-half of Wolverine International's "taxable income" is deemed distributed to its shareholders, *i.e.,* plaintiff, in the year earned, and is taxed accordingly. 26 USC 995(b)(1). The tax on the remaining one-half of the DISC's income is deferred until actually distributed or until the corporation ceases to qualify as a DISC.

Aguadilla is a Delaware corporation operating in Puerto Rico. For federal income tax purposes it is a "possessions corporation" entitled to special tax treatment set forth in §§ 931 through 936 of the IRC. 26 USC 931-936, prior to its amendment by PL 94-455. Under IRC § 931, in the case of a possessions corporation, "gross income means only gross income from sources within the United States * * *." The parties have stipulated that Aguadilla did not have gross income during the years in question.

The State Board of Tax Appeals ruled that the income of Aguadilla and Wolverine International was exempt from inclusion in the combined report by virtue of the last sentence of § 335, and § 201 of the Michigan Income Tax Act of 1967.

Prior to its repeal, § 335 provided, in its entirety:

"In the discretion of the commissioner, any taxpayer which owns or controls either directly or indirectly substantially all the capital stock of one or more other corporations, or substantially all the capital stock of which is owned or controlled either directly or indirectly by one or more other corporations, or by interests which own or control either directly or indirectly substantially all the capital stock of one or more corporations may be required or permitted to make a report on a combined basis covering any such other corporations and setting forth such information as the commissioner

may require. In addition, a combined report may be made at the election of any two or more taxpayers provided the ownership or control requirements contained in the preceding sentence are satisfied and such report sets forth such information as the commissioner may require. No combined report covering any corporation not a taxpayer shall be required unless the commissioner deems such a report necessary because of intercompany transactions in order to properly reflect the tax liability imposed by this act. In case of a combined report, the tax shall be measured by the combined net income of all the corporations included in the report. In computing net income, intercorporate transactions including dividends shall be eliminated. If the computation of the tax due on a combined return involves the use of any of the formulas set forth in this act, then the factors used in the formulas shall be the combined totals of the factors for each corporation included in the combined return. The exemptions and deductions permitted under this act shall be taken in the same manner as if each corporation filed a separate return." MCL 206.335; MSA 7.557(1335) (prior to repeal by 1975 PA 233).

The only provision in the act regarding "exemptions" is § 201, which provides that a "person who is exempt from federal income tax pursuant to the provisions of the internal revenue code shall be exempt from the tax imposed by this act", subject, in ¶¶ (a) through (c), to three specified exceptions. MCL 206.201; MSA 7.557(1201) (prior to amendment by 1975 PA 233).

The board concluded that the DISC and possessions corporation were exempt from federal and, therefore, by virtue of § 201, state income tax and that, accordingly, plaintiff could claim that exemption to which the subsidiaries would be entitled had they filed separate returns.

We initially conclude that Wolverine World Wide was not *required,* by § 335, to include in the

combined report income of Aguadilla, although for a different reason than that relied upon by the board.

Section 335 provides that, in the case of a combined report, "the tax shall be measured by the combined *net income* of all the corporations included in the report". (Emphasis added.) Section 28 of the tax act defines net income as follows: " '[N]et income' means, unless specifically defined otherwise in this act, taxable income as defined in the Internal Revenue Code for the subject taxpayer for federal income tax purposes". MCL 206.28; MSA 7.557(128). Taxable income in the case of a corporation is defined in the IRC as "gross income minus the deductions allowed by this chapter". 26 USC 63.

Since Aguadilla had no gross income for purposes of federal income tax for the years 1972 through 1975, 26 USC 931, it had no taxable income as defined in the IRC, and therefore no net income as defined in the Tax Act of 1967. As Aguadilla had no net income, Wolverine World Wide was not required by § 335 to include Aguadilla in its combined tax return.

Unlike a possessions corporation, a DISC does have gross income. A DISC is not, however, "subject to" income tax under the IRC. The issue then is whether the board correctly concluded that Wolverine International was entitled to an exemption from income tax to which, by virtue of the last sentence of § 335, World Wide would be entitled.

The Department of Treasury persuasively argues that § 201 was intended by the Legislature to refer only to organizations which are exempt under provisions of subchapter (f) of the IRC, 26 USC 501-528. The exceptions referred to in subsections

(a)-(c) of § 201(1) all relate to provisions in subchapter (f), which is entitled "Exempt Organizations". Provisions in the IRC regarding DISC's are in subchapter N, entitled "Tax based on income from sources within or without the United States". Moreover, the DISC provisions did not become part of the IRC until December 10, 1971, subsequent to the enactment, in 1967, of the Michigan Income Tax Act, including § 201.

We conclude that a DISC, which is not "subject to" federal income tax, is not an organization which is "exempt from federal income tax" for purposes of §§ 201 and 335 of the Michigan act. Nowhere does the IRC refer to DISC's as "exempt" from taxation. In fact, "a corporation exempt from tax by reason of section 501", the section which defines "exempt organizations" under subchapter F is ineligible to be treated as a DISC. Accordingly, the board was in error in concluding plaintiff could not be required to include its DISC's income in the combined report.

Although we have concluded that the income of a possessions corporation is not required to be included in a combined report by § 335, we nonetheless conclude that the commissioner, by virtue of §§ 195 and 335 of the tax act, may have had the authority to require inclusion of Aguadilla's income in the combined report.

Section 195 provides:

"If the allocation and apportionment provisions of this act do not fairly represent the extent of the taxpayer's business activity in this state * * * the commissioner may require, in respect to all or any part of the taxpayer's business activity, if reasonable:

"(a) Separate accounting;

"(b) The exclusion of any one or more of the factors;

"(c) The inclusion of one or more additional factors

which will fairly represent the taxpayer's business activity in this state; or

"(d) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's taxable income.

"An alternative method will be effective only with approval by the commissioner." MCL 206.195; MSA 7.557(195).

The Board of Tax Appeals recently held, without reference to its decision in this case or § 201, that the department may, "pursuant to its broad discretionary power to require combined reporting by a domestic domiciliary corporation", include within a combined report the income, as distinct from the "deemed dividends", of a wholly owned DISC subsidiary. *Dow Chemical Co v Dep't of Treasury,* State Board of Tax Appeals (Case no 2517, decided September 30, 1982). In so concluding, the board observed that the Supreme Court in *Clark-Gravely Corp v Dep't of Treasury,* 412 Mich 484, 488; 315 NW2d 517 (1982), characterized § 335 as a grant of "broad discretionary power", to require or permit combined reporting. Determining such power was "conjoined with, and supplemented by", the additional administrative authority granted by § 195, the board concluded:

"On this record, Dow, which has the burden of proof, has failed to adduce evidence sufficient to persuade the Board that the Commissioner, in the exercise of such almost plenary power, has acted unreasonably, or contrary to any sound taxing principal, or has reached any wrong or substantively unjust result. We are satisfied from the record that Dow is a single unitary multistate-multinational business enterprise; that DISC is an integrated, interdependent, constituent part of the unitary whole; and that the combination of DISC's income and expense within the combined income of the entire

group produces a result which is well within the ambit of the Department's broad discretionary power."

Whether the combination of the income of Aguadilla, a possessions corporation, within the combined income of the entire group was within the commissioner's discretionary power was not determined by the board. We decline to make that determination, as it involves factual as well as legal issues.

Accordingly, we reverse the board's decision insofar as it concluded that the commissioner could not require inclusion of Wolverine International's income in the combined report and remand for further proceedings before the Tax Tribunal on the question of whether the commissioner's inclusion of Aguadilla's income was properly within his discretion.