GREER v DEPARTMENT OF TREASURY

Docket No. 73256. Submitted January 15, 1985, at Lansing.—Decided July 22, 1985.

Petitioners, Edward and Linda Greer, were assessed a jeopardy sales tax by the Department of Treasury based on the alleged sale by petitioners of large quantities of marijuana. The jeopardy sales tax assessment was upheld by the Tax Tribunal, and petitioners appealed. *Held:*

1. The Legislature did not intend that the General Sales Tax Act apply only to legal sales transactions. The act applies to illegal as well as legal transactions. Likewise, the act does not apply only to transactions for which a sales tax license is required.

2. The Tax Tribunal hearing officer did not err in admitting certain testimony which conflicted with answers to interrogatories given earlier by the Treasury Department with regard to the amount and location of marijuana seized. Petitioners did not demonstrate any prejudice from the admission of the testimony.

3. The Tax Tribunal's determination upholding the Treasury Department's method of calculating the amount of the jeopardy tax assessment was supported by competent, substantial and material evidence on the record and did not involve an error of law.

Affirmed.

1. TAXATION — TAX TRIBUNAL — APPEAL.

Review by the Court of Appeals of decisions of the Tax Tribunal is limited, in the absence of fraud, to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided they are supported by competent, material and substantial evidence.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] Am Jur 2d, State and Local Taxation § 787.
[2] Am Jur 2d, Sales and Use Taxes §§ 47 *et seq.*
Cable television equipment or services as subject to sales or use tax. 5 ALR4th 754.

2. TAXATION — SALES TAX — ILLEGAL SALES TRANSACTION.

The General Sales Tax Act applies to illegal as well as legal sales transactions, and is not limited only to sales transactions for which a sales tax license is required (MCL 205.51 *et seq.;* MSA 7.521 *et seq.).*

3. TAXATION — SALES TAX — ASSESSMENT OF TAX.

Persons subject to the sales tax are required to maintain complete records of sales activities; in the absence of such records the Department of Treasury may assess the amount due upon such information as is available and the burden of proof of refuting such an assessment is upon the taxpayer (MCL 205.67; MSA 7.538).

*Robert C. Kerzka,* for petitioners.

Before: R. B. BURNS, P.J., and BRONSON and D. L. HOBSON,* JJ.

PER CURIAM. Petitioners appeal as of right from the August 12, 1983, judgment of the Michigan Tax Tribunal which upheld the Department of Treasury's jeopardy sales tax assessment in the amount of $50,876. The assessment was based on petitioners' alleged sale of large quantities of marijuana from May 1, 1979, through August 9, 1979.

This Court's review of decisions of the Tax Tribunal is limited, in the absence of fraud, to determining whether the tribunal made an error of law or adopted a wrong principle. The factual findings of the tribunal are final, provided that they are supported by competent, material and substantial evidence. *General Motors Corp v Detroit,* 141 Mich App 630, 633; 368 NW2d 739 (1985), *MCI Telecommunications Corp v Dep't of Treasury,* 136 Mich App 28, 30; 355 NW2d 627 (1984), Const 1963, art 6, § 28.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

I

The General Sales Tax Act, § 2, establishes the basis for the tax as follows:

"Except as provided in section 2a, there is hereby levied upon and there shall be collected from all persons *engaged in the business of making sales at retail*, as defined in section 1, an annual tax for the privilege of engaging in that business equal to 4% of the gross proceeds thereof, plus the penalty and interest when applicable * * *." MCL 205.52(1); MSA 7.522(1). (Emphasis supplied.)

The term "sale at retail" is defined as:

"[A] transaction by which is transferred for consideration the ownership of tangible personal property, when the transfer is made in the ordinary course of the transferor's business and is made to the transferee for consumption or use, or for any other purpose than for resale, * * *." MCL 205.51(1)(b); MSA 7.521(1)(b).

Petitioners first contend that the sale of marijuana is not a "sale at retail" within the meaning of the statute because the Legislature only intended the act to apply to legal sales transactions.

Petitioners' argument has long ago been rejected. In *Youngblood v Sexton*, 32 Mich 406, 422-423 (1875), Justice COOLEY stated:

"Indeed, in this state, liquors have always been taxable as property; and so have been the implements by means of which forbidden games of chance have been carried on. Yet, when the keeper of billiard tables is compelled to pay a tax, it can be no defense to him, either in law or in morals, that he is compelled to do so from the profits of an illegal business. To refuse to receive the tax under such circumstances, would tend to encourage the business, instead of restraining it; and would not only be unwise because of exempting one

man from his fair share of taxation, but also because it would tend to defeat the state policy which forbids games of chance and hazard."

Similar principles have been applied to federal income taxation of illegal activities. See *Lewis v United States,* 348 US 419, 421; 75 S Ct 415; 99 L Ed 475 (1955).

The term "business" is defined in the act as "an activity engaged in by a person or caused to be engaged in by that person with the object of gain, benefit, or advantage, either direct or indirect". MCL 205.51(1)(h); MSA 7.521(1)(h). The act makes no distinction between legal and illegal sales activities. It would be unreasonable to assume that the Legislature intended to impose a sales tax on those who comply with the law, while exempting those who disobey it.

Petitioners further assert that the act only covers transactions for which a sales tax license is required. See MCL 205.53; MSA 7.523. They reason that, since the state cannot license them to conduct an illegal activity such as the sale of marijuana, there can be no sales tax for that activity. Petitioners further assert that the licensing requirement violates their Fifth Amendment right against self-incrimination because the license application allegedly requires them to divulge the nature of the goods sold.

Petitioners' argument based on the licensing requirement is without merit. Section 3 of the act, MCL 205.53; MSA 7.523, requires a person who engages in a business for which a privilege tax is imposed to obtain a license from the department. A violation of § 3 constitutes a misdemeanor punishable by fine and/or imprisonment.

It is apparent that the sales tax is imposed by § 2 of the act; the licensing provision in § 3 is

irrelevant to the state's authority to impose the tax. Moreover, petitioners' claim that the license application violates their rights under the Fifth Amendment has no bearing on the state's authority to impose a tax on sales at retail. We therefore conclude that the department had authority under § 2 to assess a sales tax on petitioners' illegal sale of marijuana.

## II

Petitioners next contend that the Tax Tribunal hearing officer erred in admitting testimony which conflicted with the department's prior answers to interrogatories. An Ingham County Deputy Sheriff testified that he seized approximately 20 sandwich-size "baggies" of marijuana at petitioners' home. The department had previously answered interrogatories by stating that the 27 pounds of marijuana found in petitioners' car was the only contraband seized. Petitioners' motion to strike the challenged testimony was denied.

We find no error in the hearing officer's denial of the motion to strike. Petitioners clearly had notice of the seizure of the 20 baggies of marijuana, and they have not demonstrated any prejudice from admission of the testimony. Furthermore, any error in this regard was harmless because it is apparent that the hearing officer placed very little reliance on the challenged testimony.

## III

Petitioners finally contend that the Tax Tribunal committed an error of law in upholding the department's method of computing the sales tax. They first challenge the inclusion of 200 pounds of marijuana which was allegedly available to them

but never actually recovered by the authorities. Petitioners assert that the 200 pounds never existed. They further contend that the Tax Tribunal incorrectly upheld the department's calculation of the assessment based on a weekly sales capability of 243 pounds (known sale of 15 pounds, attempted sale of 28 pounds and potential sale of 200 pounds) and the department's selection of a 101-day period based on alleged on-going sales activity. Finally, petitioners assert that the Tax Tribunal failed to accord due weight to the testimony of their expert witness.

Under MCL 205.67; MSA 7.538, taxpayers are required to maintain complete records of sales activities. The statute further states:

"In the event the taxpayer fails to file a return or to maintain or preserve proper records as prescribed in this section or the department has reason to believe that any records maintained or returns filed are inaccurate or incomplete and that additional taxes are due, the department shall be empowered to assess, *upon such information as is available or may come into possession of the department,* the amount of the tax due from the taxpayer. Such assessment after notice and hearing as hereinafter provided shall be deemed to be prima facie correct for the purpose of this act and *the burden of proof of refuting such assessment shall be upon the taxpayer."* (Emphasis supplied.)

The statute evidences a legislative intent to encourage complete and accurate bookkeeping and to accord great discretion to the department in making assessments. It does not restrict admissibility of evidence, but, rather, authorizes the department to base assessments "upon such information as is available" to it. The Legislature has also given the Tax Tribunal considerable leeway with respect to the admissibility of evidence at hearings. See MCL 205.746; MSA 7.650(46).

The opinion of the hearing officer, adopted by the Tax Tribunal, carefully outlined the evidence, made credibility decisions and determined that petitioners failed to carry their burden of proof in challenging the amount of the assessment. This Court finds that the Tax Tribunal's determination is supported by competent, substantial and material evidence on the record. We further find that the Tax Tribunal made no error of law in upholding the department's methodology.

Affirmed.