ZENITH INDUSTRIAL CORPORATION v DEPARTMENT OF
TREASURY

Docket No. 85578. Submitted February 4, 1986, at Lansing. Decided
June 16, 1986. Leave to appeal applied for.

Zenith Industrial Corporation filed Michigan and federal corpo-
rate income tax returns for the periods ending June 30, 1975,
and December 31, 1975. Zenith later consented to an extension
of time to conduct a federal audit, was assessed additional
federal taxes and paid the additional assessments. The Michi-
gan Department of Treasury received notice of the deficiency
assessment from the Internal Revenue Service. The department
issued deficiency assessments and assessments for related pen-
alties and interest against Zenith. Zenith filed a petition with
the Tax Tribunal for a review of the deficiency assessments,
alleging that they were issued after the limitation period had
run. The hearing officer dismissed Zenith's petition, finding
that the record did not contain evidence of the expiration date
of the limitation period and that Zenith did not meet its burden
of proof. The tribunal adopted the hearing officer's opinion as
its final order. Zenith appealed, and the Court of Appeals
reversed and remanded, 130 Mich App 464 (1983). On remand,
the hearing officer cancelled the deficiency assessment applica-
ble to the period ending June 30, 1975, and upheld the defi-
ciency assessment applicable to the period ending December 31,
1975. The tribunal reversed the hearing officer and upheld the
deficiency assessments. Zenith appealed. *Held:*

Zenith's consent to an extension of time for purposes of a
federal income tax audit triggered the tolling provisions of the
Income Tax Act.

Affirmed.

REFERENCES

Am Jur 2d, Administrative Law §§ 539-552.

Am Jur 2d, Federal Tax Enforcement § 73.

Am Jur 2d, State and Local Taxation §§ 307-391.

Suspension of running of period of limitation, under 26 USCS
§ 6503, for Federal tax assessment or collection. 41 ALR Fed 370.

See also the annotations in the ALR3d/4th Quick Index under
Administrative Law; Exemptions.

1. TAXATION — APPEAL — TAX TRIBUNAL.

   Review by the Court of Appeals of decisions of the Tax Tribunal is limited, in the absence of fraud, to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided they are supported by competent, material and substantial evidence.

2. TAXATION — INCOME TAX ACT — LIMITATION OF ACTIONS — TOLL-
   ING PROVISIONS — CONSENT TO EXTENSIONS.

   A taxpayer's consent to an extension of time for purposes of a federal income tax audit triggers the tolling provisions of the Income Tax Act (MCL 206.411[2]; MSA 7.557[141][2]).

3. TAXATION — EXEMPTIONS — JUDICIAL CONSTRUCTION.

   Exemptions from taxation are to be strictly construed in favor of the taxing unit.

*Farhat & Thomas, P.C.* (by *Thomas W. Thomas*), and *James C. Thomas, P.C.* (by *James C. Thomas*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Thomas J. Kenny,* Assistant Attorneys General, for respondent.

Before: ALLEN, P.J., and HOOD and R. C. LIVO,* JJ.

R. C. LIVO, J. Petitioner, Zenith Industrial Corporation, appeals as of right from a Michigan Tax Tribunal decision upholding deficiency assessments for the taxable periods ending June 30, 1975, and December 31, 1975. We have been asked to determine whether the running of the period of limitations under the Michigan Income Tax Act of 1967 was tolled for state deficiency assessment purposes where the state taxpayer's federal tax returns were modified by a federal audit which was completed more than three years after filing of the

* Circuit judge, sitting on the Court of Appeals by assignment.

taxpayer's state returns. We uphold the Tax Tribunal's ruling that the running of the period of limitations may be tolled even though three years have passed.

I

The parties have stipulated to the facts. Petitioner filed its Michigan corporate income tax returns for the taxable periods ending June 30, 1975, and December 31, 1975, with the Department of Treasury on March 16, 1976, and September 20, 1976, respectively. At some point, the Internal Revenue Service audited petitioner for the taxable period ending June 30, 1975, and for the taxable period ending June 30, 1976. Petitioner executed two federal forms entitled "Consent to Extend the Time to Assess Tax" for federal audit purposes for the taxable period ending June 30, 1975, and one for the taxable period ending 1976. The forms were executed in August and September of 1979. At the end of the audit, which was completed on October 23, 1979, the IRS assessed additional federal corporate income taxes which were paid without hearings or litigation. Petitioner did not, at any time, notify the Michigan Department of Treasury of the federal adjustments or modifications in its tax returns for the taxable periods in question. However, in March of 1980, the IRS notified the Department of Treasury of the federal adjustments to petitioner's corporate income tax returns.

Based upon information provided by the IRS, the Department of Treasury increased petitioner's taxable income for the taxable periods ending June 30, 1975, and December 31, 1975, which resulted in deficiencies of its Michigan corporate income tax of $21,725 and $25,600, respectively. The de-

partment issued its final tax assessment to petitioner on February 18, 1981.

In May, 1981, petitioner sought Tax Tribunal review of deficiency assessments issued by the Michigan Department of Treasury, contending that the applicable period of limitations had expired. The Treasury Department contended tht the running of the period of limitations was tolled because a federal audit was performed and petitioner had failed to give notice of a resulting change in its federal tax liability.

Following a hearing before Hearing Officer Thomas E. Straatsma, Jr., the Treasury Department's motion for directed verdict was treated as a motion to dismiss and granted, because there was no evidence of the date when the period of limitations expired. On August 24, 1982, Tribunal Judge Roy Spenser adopted the hearing officer's opinion and ordered dismissal. This Court reversed and remanded in *Zenith Industrial Corp v Dep't of Treasury,* 130 Mich App 464; 343 NW2d 495 (1983).

On remand and in lieu of a formal hearing, the parties stipulated to the facts and filed briefs. Hearing Officer Thomas Straatsma, Jr., canceled the deficiency assessment applicable to the taxable period ending June 30, 1975, and upheld the deficiency assessment applicable to the taxable period ending December 31, 1975. On May 24, 1985, Tribunal Judge William Koney reversed the hearing officer's determination and upheld both deficiency assessments. Koney ruled that the running of the period of limitations was suspended by the IRS's modification of petitioner's federal income tax return. Moreover, the department's issuance of the deficiency assessment within the one-year period of limitation after receiving notice of the IRS modification satisfied statutory requirements. Deficiency

assessments of $21,725 for the taxable year ending June 30, 1975, and $25,600 for the taxable period ending December 31, 1975, plus accrued interest on each were upheld.

The sole issue for our consideration is whether the running of the limitations period under the Michigan Income Tax Act of 1967 was tolled or suspended for state deficiency assessment purposes when the taxpayer's federal tax returns were modified by a federal audit more than three years after the petitioner filed its state tax returns.

Our review of Tax Tribunal decisions is quite limited. In the absence of fraud, we determine whether the tribunal made an error of law or adopted a wrong principle. Findings of fact are final, provided that they are supported by competent, material and substantial evidence. *Greer v Dep't of Treasury,* 145 Mich App 248; 377 NW2d 836 (1985).

Resolution of this issue involves judicial construction of two statutory provisions of the Michigan Income Tax Act of 1967, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.* The Michigan Legislature "piggy-backed" the state corporate income tax scheme on the Internal Revenue Code. See *Fremont Mutual Ins Co v Dep't of Treasury,* 73 Mich App 526, 530; 252 NW2d 837 (1977). Both the Internal Revenue Code and the Michigan Income Tax Act of 1967 provided for a three-year limitation period at the time the subject corporate income tax returns were filed in 1976. See 26 USC 6501(a), and MCL 206.411(1); MSA 7.557(1411)(1).[1] The pertinent tolling provision provided in 1976 for a three-year limitation on the issuance of deficiency assessments:

---

[1] Section 411 of the Michigan statute was subsequently amended by 1980 PA 169 to allow a four-year limitations period.

> The running of the statute of limitations shall be suspended for the period pending final determination of litigation of or hearing on a taxpayer's federal income tax return or of the return required by this act, or in the event any notice is required under the provisions of [MCL 206.325; MSA 7.557(1325)], and for 1 year thereafter. [MCL 206.411(2); MSA 7.557(1411)(2).]

We note that no significant language changes have been made by subsequent amendment. However, we do note that the corporate income tax was repealed by 1975 PA 233. Its replacement, the Single Business Tax Act, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.,* was effective January 1, 1976, and included its own provision on a limitation period in § 85(2). The language of that section is more expansive than § 411 above, because it allows suspension of the limitation period

> pending final determination of litigation of or conference or waiver on a taxpayer's federal income tax return or on the return required by this act, or if a notice is required under section 75, and for 1 year thereafter. [MCL 208.85(2); MSA 7.558(85). Footnote omitted.]

MCL 206.325(2); MSA 7.557(1325) imposes the following notice requirement on taxpayers:

> Every taxpayer shall notify the department in writing of any alteration in, or modification of, his federal income tax return which affects his taxable income under this act and of any similarly related recomputation of tax or determination of deficiency under the provisions of the internal revenue code. The notice shall be given in writing within 60 days after the final alteration, modification, recomputation or determination of deficiency. If the commissioner finds upon all the facts that an additional tax under this act is owing, the

taxpayer shall thereupon pay the additional tax. If the commissioner finds that the taxpayer has overpaid the tax imposed by this act, a credit or refund of the overpayment shall thereupon be made as provided in section 441.

Section 325(2) "imposes a notice requirement on a taxpayer whenever federal intervention causes a change in state tax liability." *Clarke-Gravely Corp v Dep't of Treasury,* 412 Mich 484, 489; 315 NW2d 517 (1982). *Clarke-Gravely Corp* involved construction of §§ 411(2) and 325(2) in the context of a refund claim filed by a taxpayer more than three years after the original state corporate income tax return was filed. The Supreme Court concluded that the existence of a federal audit and litigation, which was still pending, triggered the tolling provision of § 411(2). No attempt was made to identify the point where the federal audit ended and litigation commenced. Presumably this was unnecessary. It was enough that "federal intervention" occurred. The triggering of the notice provision of § 325 was treated as a separate tolling event within § 411(2). *Clarke-Gravely Corp, supra,* p 489.

Under petitioner's argument, a formal hearing or litigation at the federal level will trigger the tolling provisions of § 411, but a taxpayer's consent to an extension of time for purposes of a federal audit and its voluntary payment of any resulting deficiency will not. We do not believe the Legislature could have intended this result when it "piggy-backed" the state income tax scheme on the federal tax scheme. Section 325(2)'s requirement that a taxpayer notify the Treasury Department of any modification of the federal tax return that affects its state taxable income supports this. This covers those situations where federal intervention has been timely or consented to and yields a

change in the taxpayer's federal tax return which also affects the state taxable income.

The United States Supreme Court has recognized that statutes of limitation sought to be applied to bar rights of the government to collect taxes otherwise due and payable must be strictly construed in favor of the government. *Badaracco v Comm'r of Internal Revenue,* 464 US 386, 398; 104 S Ct 756; 78 L Ed 2d 549 (1984). In Michigan, exemptions from taxation are to be strictly construed in favor of the taxing unit. *Ladies Literary Club v City of Grand Rapids,* 409 Mich 748, 753; 298 NW2d 422 (1980). Our holding here comports with these rules of construction.

We affirm the deficiency assessments and hold that the assessment issued by the Treasury Department on February 18, 1981, was timely. The consented-to "federal intervention" triggered implementation of § 411(2). Petitioner was thereafter obligated to give notice of any change in its federal income tax return which affected its state taxable income. Petitioner did not notify the Treasury Department of the federal modifications. On March 20, 1980, the IRS informed the Treasury Department of the pertinent modifications, at which time the running of the period of limitations was suspended for one year. On February 18, 1981, the Treasury Department issued a deficiency assessment for both taxable periods. This was within the one-year period of limitations. Consequently, we affirm the Tax Tribunal's decision to uphold the deficiency assessments.

Affirmed.