MANUFACTURERS BANK OF DETROIT v DEPARTMENT OF
TREASURY

Docket No. 88597. Submitted October 16, 1986, at Lansing. Decided
January 27, 1988. Leave to appeal applied for.

Plaintiff, Manufacturers Bank of Detroit, filed its Single Business
Tax return for 1976 on January 3, 1978, and for 1977 on
January 2, 1979. Both returns included United States govern-
ment obligations in plaintiff's tax base. The returns were
challenged by defendant, Michigan Department of Treasury,
over the apportionment of income earned by a branch plaintiff
operated in Nassau, Bahamas. In 1981, plaintiff and defendant
agreed to suspend the running of the period of limitations until
March 31, 1982, and the agreement was formalized. On Febru-
ary 22, 1982, the defendant gave notice of its final assessment
for the years 1976 through 1979. Plaintiff requested a hearing
and a referee upheld the assessment. On March 14, 1983,
defendant entered an order of determination. This order was
appealed to the Michigan Tax Tribunal, which resulted in a
consent judgment entered on June 10, 1984. In August, 1984,
the Court of Claims ruled that a 1983 United States Supreme
Court decision was applicable to Michigan's Single Business
Tax and that, consistent with the 1983 Supreme Court decision,
insofar as the tax required inclusion of United States obliga-
tions in its tax base and excluded obligations of the State of
Michigan, the Single Business Tax was unconstitutional. Defen-
dant did not appeal from that decision. On November 16, 1983,
plaintiff filed amended returns for 1976 and 1977 excluding the
federal obligations from its tax base. On May 16, 1984, defen-
dant rejected the amended returns, citing the four-year period
of limitations found in MCL 208.97(2); MSA 7.558(97)(2). Plain-
tiff then filed suit on October 31, 1984, in the Court of Claims.
The court, Thomas L. Brown, J., agreed with plaintiff that the

REFERENCES

Am Jur 2d, State and Local Taxation § 1074.

Validity of contractual provision establishing period of limitations
longer than that provided by state statute of limitations. 84
ALR3d 1172.

When right to refund of state or local taxes accures, within statute
limiting time for applying for refund. 46 ALR 2d 1350.

tolling provisions of MCL 208.85; MSA 7.558(85) applied, but determined that § 85 was only applicable as to the subject matter of the conferences and litigation related to the Nassau apportionment dispute and would not apply to unrelated refund claims. Plaintiff appeals from the holding in favor of the defendant.

The Court of Appeals *held:*

The limitations period was tolled pursuant to MCL 208.85; MSA 7.558(85) by the apportionment suit. Although the dispute in which plaintiff was involved concerned an unrelated issue, the dispute still tolled the period of limitations. As plaintiff filed its amended returns for 1976 and 1977 before the final determination of its dispute with defendant over the apportionment issue, those returns were timely.

Reversed.

TAXATION — LIMITATION OF ACTIONS — TOLLING — SINGLE BUSINESS TAX ACT.

The statutory provision which tolls the period of limitation applicable to tax returns filed pursuant to the Single Business Tax Act during the period pending final determination of litigation of or conference or waiver on a tax return required by the Single Business Tax Act applies to a taxpayer's refund claim, even where the litigation or conference involves an unrelated issue concerning the taxpayer's return (MCL 208.85, 208.97[2]; MSA 7.558[85], 7.558[97][2]).

*Bodman, Longley & Dahling* (by *Richard D. Rohr* and *R. Craig Hupp*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Terry P. Gomoll,* Assistant Attorneys General, for defendant.

Before: DANHOF, C.J., and BRONSON and T. GILLESPIE,* JJ.

PER CURIAM. Plaintiff seeks a refund of $1,437,155 paid to the State of Michigan in single business tax (SBT) for the taxable years of 1976 and 1977. The Department of Treasury denied the

* Circuit judge, sitting on the Court of Appeals by assignment.

claim alleging that plaintiff's right to a refund was barred by the statute of limitations. Plaintiff appeals as of right from a Court of Claims order affirming the department's denial.

Plaintiff filed its SBT return for 1976 on January 3, 1978, and for 1977 on January 2, 1979. The return for 1976 included $24,465,202 in United States government obligations in its tax base. The 1977 return included $19,103,354 of like obligations in its tax base. All taxes were paid prior to filing the returns. The returns were challenged by the department over apportionment of income earned by a branch plaintiff operated in Nassau, Bahamas. In 1981, plaintiff and the department agreed to suspend the running of the period of limitations until March 31, 1982. The agreement was formalized in two documents executed in July and December of 1981. On February 22, 1982, the department gave notice of its final assessment for the years 1976 through 1979. Plaintiff responded by requesting a hearing. The referee essentially upheld the department and on March 14, 1983, the department entered an order of determination. This order was appealed to the Michigan Tax Tribunal which resulted in a consent judgment entered on June 10, 1984.

In January, 1983, the United States Supreme Court decided *Memphis Bank & Trust Co v Garner,* 459 US 392; 103 S Ct 692; 74 L Ed 2d 562 (1983). In that case, the Supreme Court held that a tax on net earnings which included in the tax base earnings from obligations of the United States government, but exempted interest earnings from obligations of the State of Tennessee and its political subdivisions, was impermissibly discriminatory against the federal government and thus unconstitutional and violative of the supremacy clause (US Const, art VI, § 2, and 31 USC 742, now 31 USC

3124). In August, 1984, the Court of Claims ruled that the *Memphis* decision was applicable to Michigan's SBT and that, insofar as the tax required inclusion of United States obligations in its tax base and excluded obligations of the State of Michigan, the SBT was unconstitutional. The Department of Treasury did not appeal this decision and has granted refunds to financial institutions who have filed amended returns that the department has deemed timely.

On November 16, 1983, plaintiff filed its amended returns for 1976 and 1977 excluding the federal obligations from its tax base. On May 16, 1984, the department rejected the amended returns, citing the four-year period of limitations found in MCL 208.97(2); MSA 7.558(97)(2) as the reason for the rejection.

Plaintiff filed suit on October 31, 1984, in the Court of Claims. The facts were not in dispute and both sides moved for summary disposition. The trial court agreed with plaintiff that the tolling provisions of MCL 208.85; MSA 7.558(85) applied. The court supported its ruling by citing *Clarke-Gravely Corp v Dep't of Treasury,* 412 Mich 484; 315 NW2d 517 (1982). The court, however, further decided that § 85 was only applicable as to the subject matter of the conferences and litigation and the tolling would not apply to unrelated refund claims. Accordingly, the court held in favor of the department as the matters in conference and litigation related to the Nassau apportionment dispute. We disagree and reverse.

Section 97 of the SBT act, now repealed, provided in relevant part:

(1) The department shall credit or refund all overpayments of taxes, all taxes erroneously or illegally assessed or collected, all penalties col-

lected without authority, and all taxes that are found unjustly assessed or excessive in amount, or wrongfully collected.

(2) A taxpayer who paid a tax which he claims was not due under this act may, on or before the expiration date of 4 years after the date set for the filing of the annual or final return for the year or the date the tax was paid, whichever is later, petition the department in writing to refund the amount so paid. If the annual return reflects an overpayment or credits in excess of the tax, the declaration thereof on the return constitutes a claim for refund. If the department agrees that the taxpayer's claim is valid, the amount of overpayment, at the request of the taxpayer, shall be refunded to the taxpayer, or credited against any current or subsequent tax liability. [MCL 208.97; MSA 7.588(97).]

Plaintiff argues that the limitations period was tolled pursuant to § 85, MCL 208.85; MSA 7.558(85), now repealed, by the apportionment dispute.

This section provided:

(1) A deficiency, interest, or penalty shall not be assessed for any year after the expiration of 4 years after the date set for the filing of the annual return for each year or the date the return was filed whichever is later. If the person subject to tax under this act fraudulently conceals any liability for the tax or any part thereof, the department within 2 years of the discovery of the fraud shall assess the tax with interest and penalties as provided in this act, computed from the date on which the tax liability originally accrued, and the tax, penalties, and interest shall become due and payable after notice and conference as provided in this act.

(2) The limitation of action provision shall be suspended for the period pending final determination of litigation of or conference or waiver on a

taxpayer's federal income tax return *or on the return required by this act,* or if a notice is required under section 75, and for 1 year thereafter. *The suspension shall apply to those items required to be reported under section 75(2) which may be the subject of assessment or refund.*

(3) The limitation of action provision shall be suspended for the period for which the taxpayer and the commissioner consented in writing that the period be suspended. The period so extended may be further extended by subsequent consent in writing made before the expiration of the extended period.

(4) The limitation of action provision shall be suspended for any taxable year for which a return was not filed.

We agree with plaintiff. Section 85(2) is virtually identical to its predecessor, the tolling provision contained in § 411 of the Income Tax Act of 1967, MCL 206.411; MSA 7.557(1411), which was construed in *Clarke-Gravely, supra,* and found applicable not only to a deficiency claim, but to a taxpayer's refund claim as well.

We are further persuaded that § 85(2) applies to a taxpayer's refund claim, given the statutory language before us. Unlike the tolling provision construed in *Clarke-Gravely,* the statutory language in § 85(2) specifically refers to items which may be subject to refund. We find such language significant and a strong indication that taxpayers may take advantage of the tolling provisions of § 85(2).

We also agree that the four-year period of limitations in § 97 was tolled in this case by the conferences and administrative proceedings which commenced in 1982. Section 85(2) provides that the period of limitations shall be suspended pending final determination of litigation or conference on a return required by the act. Although the

dispute in which plaintiff was involved concerned an unrelated issue, we find the dispute still tolled the period of limitations. Nowhere in the portion of § 85(2) which describes the first tolling event is there language requiring that the litigation or conference involve a related issue. See *Clarke-Gravely,* 412 Mich 489.

As plaintiff filed its amended returns for 1976 and 1977 before the final determination of its dispute with the department over the apportionment issue, we further find that plaintiff timely filed its amended returns for 1976 and 1977.

The Court of Claims order granting the department's motion for summary disposition is reversed.

BRONSON, J., did not participate.