HART *v.* DEPARTMENT OF REVENUE.

1. TAXATION—DISCOUNTS—CONSTRUCTION OF STATUTES—ADMINIS-
TRATIVE BOARD.
   An administrative board may not extend the scope of a tax stat-
   ute so as to include a tax on discounts, if the statute does not
   expressly provide for such tax (CL 1948, § 205.131 *et seq.*).

2. SAME—CONSTRUCTION OF STATUTES—EXTENSION.
   The scope of tax laws may not be extended by implication or
   forced construction.

3. SAME—CONSTRUCTION OF STATUTES—AMBIGUITY.
   Tax statutes are construed most strongly against the government
   and in favor of the citizen in case of doubt.

4. SAME—INTANGIBLES TAX—PROFITS FROM DISCOUNTED NOTES.
   Profit realized by plaintiffs who purchased promissory notes from
   the holders thereof at a discount and for less than the face
   amounts of the principal and balances due on such notes was
   not subject to taxation under the intangibles tax act, since
   such profit was not earned income (CL 1948, § 205.131 *et seq.*).

5. SAME—PAYMENT UNDER PROTEST—STATUTES—INTEREST.
   Interest from time of payment of intangibles tax under protest is
   allowed upon reversal of order for payment of tax not based
   upon statutory authority.

6. COSTS—PUBLIC QUESTION—CONSTRUCTION OF TAX STATUTES.
   No costs are allowed in action involving construction of intan-
   gibles tax statute, where a public question was involved (CL
   1948, § 205.131 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 51 Am Jur, Taxation § 310.
[3] 51 Am Jur, Taxation § 316.
[4] Generally as to taxation of intangibles, including credits, see
   51 Am Jur, Taxation §§ 420, 425, 426.
[5] 51 Am Jur, Taxation §§ 1172, 1173.
[5] Right to interest on tax refund or credit. 57 ALR 357; 76
   ALR 1012; 112 ALR 1183.
[6] 14 Am Jur, Costs § 91.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted January 18, 1952. (Docket No. 89, Calendar No. 45,365.) Decided April 7, 1952.

Action by William M. Hart and others, doing business as Century Finance Company, against State of Michigan, Department of Revenue and its commissioner to recover amounts paid on intangible tax assessment. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded for entry of judgment for plaintiffs.

*Kelly, Kelly & Kelly,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *T. Carl Holbrook* and *William D. Dexter,* Assistants Attorney General, for defendants.

BUTZEL, J.   Plaintiffs, copartners doing business as the Century Finance Company, purchased promissory notes from the holders thereof at a discount and for less than the face amounts of the principal or balances due on such notes, and when and if paid, realized a profit over and above the amounts paid for the notes. Notwithstanding their claim that they were not legally liable for an intangible tax of $2,103.21 for such discounts or profits realized from this source over a period of 3 years, they paid additional assessments for the disputed amounts, and brought suit for the recovery of the amounts so paid against the State, the department of revenue and its commissioner. All parties moved for a summary judgment, only a question of law being involved. The trial judge rendered judgment in favor of defendants and plaintiffs appeal.

The following part of what we shall term the intangibles tax act, PA 1939, No 301, as amended (CL

1948, § 205.131 *et seq.* [Stat Ann 1950 Rev § 7.556(1) *et seq.*]), provides:

"Sec. 1. That when used in this act: * * *

"(b) The term 'intangible personal property' means: Moneys on hand or on deposit or in transit, shares of stock, and other units of interest, in corporations, joint stock companies, and other associations conducted for profit (not, however, including the interest of a partner under a partnership agreement); securities which constitute a part of an issue of similar securities, such as bonds, certificates of indebtedness, debentures, notes, and certificates of deposit therefor; annuities; accounts and notes receivable, land contracts receivable, real estate and chattel mortgages receivable, conditional sale contracts receivable, and other obligations for the payment of money; equitable interest in any of the foregoing classes of intangible personal property, including interest of beneficiaries under trusts whether created *inter vivos* or by will; and any and all other credits and evidences of indebtedness; whether such intangible personal property is secured or unsecured. * * *

"(d) The term 'income' includes: (1) Interest received upon intangible personal property; (2) dividends and other distributions, whether in the form of cash or property, to the extent that they represent the yield of intangible personal property; and (3) all other earnings or yield of intangible personal property regardless of the name by which designated: Provided, that for the purpose of computing the tax imposed under this act, the gross income, including taxes, charges and other deductions which may be made therefrom, shall be the basis upon which the tax shall be measured. * * *

"(j) The term 'face value' means the amount appearing on the face of the instrument or other written record evidencing the intangible personal property, or in case there is no instrument or other written record, then the amount shall be determined by other evidence satisfactory to the commission, re-

duced by payments, if any, which have been made
thereon.

"Sec. 2. * * * For the calendar year 1940, and
for each year thereafter or portion thereof there
is hereby levied upon each resident or nonresident
owner of intangible personal property not herein-
after exempted having a situs within this State, and
there shall be collected from such owner an annual
specific tax on the privilege of ownership of each
item of such property owned by him.    Except as
hereinafter provided the tax on income-producing in-
tangible personal property shall be 3 per cent. of the
income but in no event less than 1/10 of 1 per cent. of
the face or par value of each item (or in the case of
corporate stock or other evidence of corporate own-
ership having no par or face value, of the average
per share contribution to capital, surplus and other
funds in consideration of which all of the then out-
standing shares of stock of the same class of such
corporation shall have been issued).   Except as here-
inafter provided the tax on nonincome-producing in-
tangible personal property shall be 1/10 of 1 per
cent. of said face, par or contributed value."

Under the wording of the law, does it cover these
discounts or profits for which plaintiffs have been
obliged to pay the intangible tax?   Under authority
of section 12 of the act, the department of revenue
adopted rules which would include such discounts as
earnings or yield.   It needs no citation of authority
that under the rule-making power an administrative-
board may not extend the scope of a tax statute so
as to include a tax on discounts if the statute does
not expressly provide for such tax.   It is also a
principle of law that the scope of tax laws may not
be extended by implication or forced construction.
*In re Dodge Bros.*, 241 Mich 665; *Standard Oil Co.*
v. *State of Michigan*, 283 Mich 85.   In the latter case
we quoted from *Gould* v. *Gould*, 245 US 151 (38
S Ct 53, 62 L ed 211), as follows:

"In the interpretation of statutes levying taxes, it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen."

So as to avoid any question, it should be stated that this case does not involve the discounting of interest-bearing notes, where the interest in the form of a discount is paid in advance, nor does it cover cases where a form of contract is used in the purchase of accounts receivable for the purpose of covering up the exaction of interest in excess of the rate permitted by law. *Abeloff* v. *Ohio Finance Co.*, 313 Mich 568. The notes in the instant case bore interest. There was an absolute sale at a discount or at a profit if plaintiffs collected an amount in excess of the purchase price. The transactions were complete at the time of the purchase. The notes could not bring in more than their face amount at the time of purchase. No earnings or yield were realized from the notes after the purchase, except the interest on them. Had plaintiffs purchased shares of stock and subsequently they had gone up in value, and then sold, we do not believe defendants would have claimed the earnings or yield had been realized from the stock itself. The same is true if interest-bearing bonds had been purchased for less than their face value, and we believe it is true of the notes which were purchased for less than their face amounts.

The trial court in coming to its conclusions held that the department of revenue in setting up its rules and regulations was justified in defining discounts as bearing part of earned income. To this we cannot subscribe.

The judgment is reversed and the case remanded to the trial court with directions to enter a judgment

for plaintiffs for the undisputed amount claimed by them and interest from time of payment. A public question being involved, no costs are allowed.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.