NATIONAL BANK OF DETROIT v DEPARTMENT OF TREASURY

Docket No. 88585. Submitted October 22, 1986, at Lansing. Decided November 18, 1987. Leave to appeal applied for.

National Bank of Detroit, contesting a denial of a single business tax refund by the Department of Treasury, brought an action against the department in the Court of Claims. In 1983, plaintiff had filed amended single business tax returns for taxable years 1976 through 1981. The department granted refunds claimed for the years 1978 through 1981, but denied the refund claims for 1976 and 1977 on the basis that these claims were barred by the four-year period of limitations provided by the Single Business Tax Act. The Court of Claims, James R. Giddings, J., granted summary disposition in favor of the department, ruling that the action was barred by the statute of limitations. Plaintiff appealed.

The Court of Appeals *held:*

The four-year period of limitations was tolled pursuant to the tolling provisions of the Single Business Tax Act when litigation was commenced by plaintiff and other taxpayers on October 7, 1981, in which they challenged the department's application of the Single Business Tax Act apportionment provisions in computing their tax bases for the years 1976 through 1979.

Reversed.

TAXATION — SINGLE BUSINESS TAX — REFUNDS — LIMITATION PERIOD.

The four-year period during which a taxpayer who paid a tax which he claims was not due under the Single Business Tax Act may petition the Department of Treasury for a refund is tolled by the commencement of litigation concerning the taxpayer's single business tax return and continues to be tolled pending final determination of that litigation (MCL 208.85; MSA 7.558[85], MCL 208.97; MSA 7.558[97] [repealed]).

*Dickinson, Wright, Moon, Van Dusen & Free-*

REFERENCES

Am Jur 2d, State and Local Taxation § 1141.

Am Jur 2d, Federal Taxation (paragraph) § 9326.

See the annotations in the Index to Annotations under Refunds and Repayment; Taxes.

man (by *Ernest Getz* and *Thomas D. Hammer-schmidt*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Terry P. Gommoll,* Assistant Attorneys General, for defendant.

Before: J. B. SULLIVAN, P.J., and SHEPHERD and R. M. SHUSTER,* JJ.

PER CURIAM.

### FACTS

Plaintiff National Bank of Detroit (appeals as of right from a Court of Claims grant of summary disposition under MCR 2.116(C)(7) to defendant Department of Treasury, upholding the department's denial of a single business tax (SBT) refund to NBD because the statutory period of limitations had expired.

The Single Business Tax Act, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.,* was enacted in 1975 after the corporate income tax was repealed by 1975 PA 233. In 1983, the United States Supreme Court ruled that a Tennessee bank tax which required inclusion of income from federal obligations in the tax base, while excluding state and local obligations, was unconstitutional. *Memphis Bank & Trust Co v Garner,* 459 US 392; 103 S Ct 692; 74 L Ed 2d 562 (1983). On August 7, 1984, the Court of Claims ruled that members of the Michigan Bankers Association were entitled to SBT refunds because, in light of *Memphis Bank,* Michigan's SBT was similarly unconstitutional to the extent it included income from federal obligations in its tax base.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Several members of the Michigan Bankers Association, including plaintiff, filed amended SBT returns in 1983, excluding income from federal obligations and claiming refunds for taxable years 1976 through 1981. The department in each case granted refunds only for years within the four-year statute of limitations, 1978 through 1981, and denied refunds for taxable years 1976 and 1977. These banks brought separate actions in the Court of Claims contesting the department's denial of refunds for 1976 and 1977. In the instant case, Court of Claims Judge James Giddings granted the department's motion for summary disposition, ruling that the four-year statute of limitations found in § 97 of the SBTA, MCL 208.97; MSA 7.558(97), barred NBD's refund claims for 1976 and 1977. In a subsequent case involving Manufacturers Bank, Court of Claims Judge Thomas L. Brown similarly ruled in favor of the department, adopting the reasoning of Judge Giddings in this case.

Both these cases are currently on appeal to this Court.

### ISSUE

Did the statute of limitations in the Single Business Tax Act bar NBD's claim for tax refunds for 1976 and 1977?

### HOLDING

The four-year statute of limitations in § 97 of the Single Business Tax Act did not bar a claim filed in 1983 for refunds for 1976 and 1977. The tolling provisions found in § 85 of the SBTA suspended the four-year limitation period found in § 97.

ANALYSIS

The department denied the refunds to NBD based on the statute of limitations found in § 97 of the SBTA (now repealed):

> (1) The department shall credit or refund all overpayments of taxes, all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that are found unjustly assessed or excessive in amount, or wrongfully collected.
>
> (2) A taxpayer who paid a tax which he claims was not due under this act may, on or before the expiration date of 4 years after the date set for the filing of the annual or final return for the year or the date the tax was paid, whichever is later, petition the department in writing to refund the amount so paid. If the annual return reflects an overpayment or credits in excess of the tax, the declaration thereof on the return constitutes a claim for refund. If the department agrees that the taxpayer's claim is valid, the amount of overpayment, at the request of the taxpayer, shall be refunded to the taxpayer, or credited against any current or subsequent tax liability. [MCL 208.97; MSA 7.558(97).]

The refund claims NBD filed in 1983 for the years 1978 to 1981 were within this statutory period. However, claims for 1976 and 1977 were denied because they were filed after the four-year limitation period had expired.

NBD argues, however, that the limitation period was tolled, pursuant to § 85, MCL 208.85; MSA 7.558(85), by litigation commenced October 7, 1981, in which NBD and other multi-state taxpayers challenged the department's application of the SBTA apportionment provisions in computing their tax bases. In 1985, this Court affirmed a Court of Claims order upholding the department's computa-

tions. *Accurate Bushing Co v Treasury Dep't,* unpublished opinion per curiam, decided May 1, 1985 (Docket No. 75753), lv den 423 Mich 861 (1985).

Section 85 of the SBTA (also now repealed) provided:

(1) A deficiency, interest, or penalty shall not be assessed for any year after the expiration of 4 years after the date set for the filing of the annual return for each year or the date the return was filed whichever is later. If a person subject to tax under this act fraudulently conceals any liability for the tax or any part thereof, the department within 2 years of the discovery of the fraud shall assess the tax with interest and penalties as provided in this act, computed from the date on which the tax liability originally accrued, and the tax, penalties, and interest shall become due and payable after notice and conference as provided in this act.

(2) The limitation of action provision shall be suspended for the period pending final determination of litigation of or conference or waiver on a taxpayer's federal income tax return *or on the return required by this act,* or if a notice is required under section 75, and for 1 year thereafter. *The suspension shall apply to those items required to be reported under section 75(2), which may be the subject of assessment or refund.*

(3) The limitation of action provision shall be suspended for the period for which the taxpayer and the commissioner consented in writing that the period be suspended. The period so extended may be further extended by subsequent consent in writing made before the expiration of the extended period.

(4) The limitation of action provision shall be suspended for any taxable year for which a return was not filed. [Emphasis added.]

We agree with NBD. We note that § 85(2) is virtually identical to its predecessor, the tolling

provision contained in § 411 of the Income Tax Act of 1967, which the Supreme Court construed in *The Clarke-Gravely Corp v Treasury Dep't,* 412 Mich 484; 315 NW2d 517 (1982). In *Clarke-Gravely,* the Court held that the tolling provision of the 1967 act applied not only to a deficiency claim, but to a taxpayer's refund claim as well.

We are further persuaded that the tolling provision in the present case, § 85(2), applies to a taxpayer's refund claim, given the statutory language before us. Unlike the tolling provision construed in *Clarke-Gravely,* the statutory language in § 85(2) specifically refers to items which may be subject to refund. We find such language significant and a strong indication that taxpayers may take advantage of the tolling provisions in § 85(2).

We also agree with NBD that the four-year period of limitations in § 97 was tolled by the litigation commenced on October 7, 1981. Section 85(2) provides that the period of limitations shall be suspended pending final determination of litigation on the return·required by the act. Although the litigation in which NBD was involved concerned an unrelated issue, the department's application of the SBT apportionment provisions in computing NBD's tax base, we find that such litigation still tolled the period of limitations. Nowhere in the portion of § 85(2) which describes the first tolling event is there language requiring that such litigation involve a related issue. See *Clarke-Gravely, supra,* p 489. Therefore, we find that the four-year period of limitations in § 97 was suspended by the tolling provisions found in § 85(2).

CONCLUSION

Pursuant to MCL 208.85; MSA 7.558(85), the four-year period of limitations contained in MCL

208.97; MSA 7.558(97) may be suspended pending final determination of litigation on a taxpayer's return as required by the act. On October 7, 1981, before the four-year period of limitations expired, NBD commenced litigation on its SBT returns for 1976 through 1979. Thus, the period of limitations was suspended. NBD subsequently filed its amended returns for 1976 and 1977 before the final determination of that litigation. Therefore, we find that NBD timely filed its amended returns for 1976 and 1977.

The Court of Claims order granting the department's motion for summary disposition is reversed.

Reversed.